IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20397
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAVIER RAMIREZ-SOSA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-722-ALL
--------------------
February 20, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Javier Ramirez-Sosa was convicted after a guilty plea to illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326.  He appeals his conviction and sentence; finding no error, we affirm.

    Ramirez argues that the district court erred by applying U.S.S.G. § 2L1.2(b)(1)(C) at his sentencing.  He argues that his prior felony conviction for possession of cocaine did not merit the eight-level adjustment provided in § 2L1.2(b)(1)(C) for an

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated felony and that he should have received only the four-level adjustment provided in § 2L1.2(b)(1)(D) for "any other felony." Ramirez's arguments regarding the definitions of "drug trafficking offense" and "aggravated felony" for purposes of the sentencing guidelines were recently rejected by this court in United States v. Caicedo-Cuero, 312 F.3d 397, 706-11 (5th Cir. 2002).

Ramirez also argues that 8 U.S.C. §§ 1326(b)(1) and (b)(2) are unconstitutional because they treat a prior conviction for an aggravated felony as a sentencing factor and not an element of the offense. Ramirez concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Accordingly, this argument lacks merit.

AFFIRMED.